

Milton G. Sincoff, Kreindler & Kreindler, Frank H. Granito, Jr., Speiser & Krause, New York City, Robert R. Smiley, III, Smiley & Mineo, Charleston, S.C., for plaintiffs.

Michael Baumeister, Baumeister & Samuels, New York City.

**In re AIRCRASH DISASTER AT MALAGA, SPAIN ON SEPTEMBER 13, 1982.**

**This Order Relates to: All Cases.**

**No. MDL 530.**

United States District Court, E.D. New York.

July 26, 1991.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

This action represents the consolidation of numerous actions against Spantax Airlines, McDonnell Douglas, and United Airlines resulting from a crash of a Spantax DC–10, Flight BX–995, on takeoff from Malaga, Spain on September 13, 1982. The action has been the subject of numerous Memorandum and Orders, familiarity with which is assumed.

By Order dated March 18, 1983, this court appointed a Plaintiffs' Committee (Committee) consisting of Milton G. Sincoff; Frank H. Granito, Jr.; Robert R. Smiley; and Michel F. Baumeister to coordinate the liability aspects of the litigation. In a subsequent Order dated May 25, 1983, Magistrate Caden detailed the structure of the Committee and its powers and obligations.

The Committee seeks resolution by this court of a dispute concerning fees. The May 25 Order established a maximum fee of 8% to be awarded to and shared by the Committee members for liability services. This fee was to be paid by all plaintiffs' attorneys, not their clients. The Order stated that the Committee members agreed that they would be exempt from paying the Committee fee on behalf of their own clients "because they intend to fully and equally contribute to the liability effort."

In August, 1984 Magistrate Caden reduced the maximum Committee fee to 3% and in December, 1990 this court approved a final fee of 3%.

■ After the Committee was appointed, one of its members entered into an agreement with an attorney who was not a member of the Committee to provide liability services for an 8% fee. At issue is whether the 8% fee, amounting to $266,800, must be shared with the Committee as a whole.

■ The purpose of a Committee or lead counsel is to avoid duplicative efforts on the part of plaintiffs' attorneys and therefore to promote judicial efficiency and economy. *See Manual for Complex Litigation Second,* §§ 20.22, 20.224 (1985); *see also* 28 U.S.C. § 1407 (authorizing multidistrict litigation transfers). The court has the responsibility of appointing the Committee, authorizing its functions and structure, and supervising its work. The Committee therefore owes a duty to plaintiffs as well as to the court.

Indeed, the May 25 Order signed by Magistrate Caden states that "[t]he Plaintiffs Committee and all plaintiffs' attorneys shall cooperate among themselves and with defense counsel to expeditiously and economically conclude all liability matters and avoid unnecessary motions and Court proceedings."

There can be little doubt that the purpose of the Committee would be seriously undermined and the court ill-served were individual members permitted to make separate arrangements with plaintiffs' attorneys to do the work that the Committee was appointed to do. A Committee depends for it success on cooperation among its members and would function less effectively if its members were to compete with one another and with the Committee itself to serve plaintiffs' attorneys on an individual basis.

The court awards the 8% fee received by the Committee member pursuant to the separate arrangement to the entire Committee, allocates the Committee fee in four equal shares to the members of the Committee with one-half of Mr. Baumeister's share to go to the firm of Kreindler & Kreindler, and dissolves the Committee.

So ordered.